## J. W. SMITH v. J. A. STEVENS ET AL.

### No. 7000.

1. **Payment on Notes Operates as a Credit Thereon.**—A maker of two notes to the same payee paid him $500, taking receipt therefor, as follows: "July 24, 1886. Received of J. A. Stevens $500, to be placed as a credit on his notes." Before this a payment had been made on one of the notes in excess of its principal. In suit upon the other note brought by the payee, the maker having pleaded the payment as a credit on the note sued on, alleging that the other had been discharged, it being usurious and void as to the interest, *held:*

1. The payment of the money of itself operated as a credit as paid.
2. The receipt showed that the money was paid upon both notes.

3.   That one was unsatisfied only as to the usurious interest did not prevent such application to both notes; as the maker could make voluntary payment of usurious interest.

4.   The credits upon the notes made by the payment would be upon each in its proportion to the aggregate of the two.

2.   **Counter-claim—Usurious Interest.**—In a counter-claim for usurious interest paid, the recovery is that paid in excess of 12 per cent per annum.   78 Texas, 163.

APPEAL from Johnson.   Tried below before Hon. J. M. Hall.

Suit was brought in the District Court October 27, 1887, by Smith against J. A. Stevens and Philip Gathings on a promissory note for $1065, of date April 16, 1885, payable December 25, 1885, with interest at 12 per cent after maturity, and 10 per cent attorney fees if collected by suit.

The defendants pleaded that the note in large part was made up of usurious interest, and a payment of $500; also counter-claim for the excess of the payment over the original amount of the principal.

The pleadings and evidence sufficiently appear in the opinion.

*Poindexter & Padelford*, for appellant.— 1.   When a payment has been applied as a credit on a certain debt by the mutual consent of both the creditor and debtor, or by the debtor, such application can not be changed by the debtor or by the court without the consent of the debtor or creditor, and more especially is this the case when a different application might be to the damage of the creditor.   Eylar v. Read, 60 Texas, 387; Wait's Act. and Def., pp. 414–418, secs. 2–4; Frost v. Martin, 26 N. H., 422; Bank v. Meredith, 2 Wash., 47; Roundlett v. Small, 28 Me., 91; Hubbel v. Flint, 15 Gray, 550; Tomlinson Co. v. Kinsella, 31 Conn., 272.

2.   When a debtor directs that a payment shall be applied to two debts, this means that the credit shall be applied to both of said debts pro rata—that is, in proportion to the amount of each debt.   Shelden v. Bennett, 44 Mich., 634; White v. Blackmore, 8 Lea, 49; White v. Trumbull, 15 N. J. Law, 314.

3.   Whenever a debtor at the time of payment directs the payment to be applied to a certain debt, such application operates as a satisfaction and extinguishment of the said debt to the amount of the payment.   Frost v. Martin, 26 N. H., 422; Miller v. Montgomery, 31 Ill., 350; Thayer v. Denton, 4 Mich., 192.

4.   In order that a payment may be applied as a credit on a debt, evidenced by a note, it is not necessary that it should be indorsed on said note by the holder thereof.   Such an indorsement does not constitute the application or appropriation, and is not even evidence of that fact unless the debtor directed the application to that particular note, thereby authorizing the indorsement; or where the debtor fails to make the application and the holder of the note indorses the credit on same

with the intention of applying it to the payment of the note. At best the mere indorsement of the credit on the note by the holder is but evidence tending to show the fact that the payment had been so applied, but it is not the only or the best evidence of that fact. Bank v. Jennes, 2 Metc., 288; 7 Wheat., 20.

*Smith & Davis*, for appellees.—1. Whenever any suit shall be brought for the recovery of any debt due by judgment, bond, bill, or otherwise, the defendant shall be permitted to plead therein any counter-claim which he may have against the plaintiff, subject to such limitations as may be prescribed by law. Sayles' Civ. Stats., art. 645.

2. Whenever a creditor at the request of a debtor agrees to place a credit on notes and fails so to do, and brings his suit on the notes and fails to recognize the credit on both or either of said notes, the debtor may at his option recover said sum in set-off and reconvention in either suit.

3. That the payment of usurious interest was voluntary is no answer to the application of the debtor to have it set off or appropriated to the reduction of the principal, nor is the statute of limitations an answer to such application while any part of the principal remains unpaid. Ware v. Bennett, 18 Texas, 794; Spann v. Sterns, 18 Texas, 557; Stanley v. Westrop, 16 Texas, 202, 206; 59 Ga., 584; 2 Randolph on Com. Paper, sec. 524; 3 Id., secs. 1585, 1766, 1796.

HENRY, Associate Justice.—The motion for a rehearing of this cause calls in question the correctness of the opinion rendered at a former day of the term affirming the judgment of the District Court.

It is urged that there was error in applying the whole of the $500 payment as a credit upon the note for $1065, upon which this suit was brought. It is also contended that it was not proved on the trial from which this appeal was prosecuted that the note for $1423 was usurious.

In fact the record contains no evidence with regard to that note except a petition filed by the plaintiff in this suit in the District Court for its collection, and the answer to said suit filed by the defendant. The record does not indicate that the evidence was objected to or limited, nor does it show for what purpose it was offered. If said pleadings had been objected to they should not have been admitted for the purpose of proving usury in that note. The record furnishes some reasons to induce the belief that they were not introduced for the purpose of proving usury in said note, and that they were not so considered upon the trial.

As we have concluded that a rehearing should be granted and the judgment reversed, even if the appellees are given the benefit of everything that they tend to prove, we will in this opinion treat them as evi-

dence establishing the truth of their allegations, and from them and other portions of the record we make the following statement:

The $1065 note was the result of the $750 originally borrowed and usurious interest. The $1423 note was the result of $426 originally borrowed and usurious interest. Before the $500 payment was made (of which we shall speak again presently), payments amounting to $450 had been made on the last mentioned note, which if applied to the principal would have more than discharged it. No credit was ever indorsed on either note except, it appears, one for $7 on the $1423 note; and on the 16th day of April, 1885, Smith, the payee, sued separately on each note for the full amount thereof without the mention of any credit. Besides the payment of $450 above mentioned on the $1423 note, the following payments had been in fact made: On the date named $500 was paid to Smith, for which he executed the following receipt:

"July 24, 1886.—Received of J. A. Stevens $500, to be placed as a credit on his notes.

[Signed]                                      "J. WESLEY SMITH."

On the 27th day of December, 1886, Stevens paid $700 on the $1423 note.

In this suit upon the $1065 note, in addition to their plea of usury the defendants pleaded substantially as follows:

"These defendants are entitled to a credit of $500, for they say that heretofore, to-wit, on the 24th day of July, 1886, the defendants paid and delivered to plaintiff the sum of $500 as a payment on the note sued on, and plaintiff agreed to place the same as a credit on defendants' notes, which has never been done by plaintiff, to defendants' damage the sum of $500, and plaintiff has refused and still refuses to credit the notes of defendants with said sum of money, though often requested so to do. Wherefore defendants here plead the same as a set-off and in reconvention to plaintiff's cause of action, and ask that the sum be allowed as a credit on the same," etc.

The plaintiff replied, denying the credit and pleading the statute of limitations of two years to the plea of set-off.

It appears that at the date of the payment of the $500 the principal of the $1423 note had been discharged by the payments made on it previous to that time, amounting to $450, and not by the $700 payment, because that had not been then made. In addition to the contents of the receipt both Smith and Stephens testified with regard to the $500 payment without materially affecting the result under the facts of this case. Smith testified that he was directed to apply the payment to the interest upon the notes, while Stephens denied that anything was said on the subject except what the receipt contains. If the notes had not been usurious, the payment would have been applied, in any view of the evidence, to the extinguishment of the interest in the first place.

If they were usurious, no agreement to the contrary would have kept the law from applying the payment to the unpaid principal, if there was any. If upon either note there remained no unpaid principal after the application to it of all previous payments, the pro rata part to which that note was entitled would from necessity be applied to the usurious interest.

We think that the contract with regard to the appropriation of the $500 payment was complete when the receipt was given, and that neither the failure to actually indorse the credits on the notes nor the failure to admit the payment in plaintiff's pleading when the notes were sued upon could change or modify it. If it could be held that the subsequent action or nonaction of Smith would have that effect as to him, it still could not be allowed to operate to the injury of the sureties on either note.

The appropriation made by the receipt was to "notes," not to one note. If Smith at the time had held only one note, then the whole of the payment would, notwithstanding the use of the word "notes," have been applied to that. Conceding that the principal of the $1423 note had been paid before that time, and that it then existed only as a promise to pay usurious interest, as to which the law denounced it as void, still can the note properly be treated, for the purpose of deciding the question now before us, as having no legal existence? We think not. Usurious interest may be voluntarily paid.

The $500 was voluntarily paid in this case and directed to be applied as well to the note upon which nothing was lawfully due as upon the one upon which there was a lawful balance remaining unpaid. Whatever part of the voluntary payment was applied to the $1423 note was not a payment upon the $1065 note.

It does not follow from what we have said that the whole of the $500 payment may not be pleaded as a defense to this suit. But the distinction between pleading and treating it as a payment or as a counter-claim must be observed. So much of the sum as should have been applied to the $1065 note should be pleaded as a payment, and the remainder, if considered at all in this case, as a counter-claim. It can not be pleaded as a counter-claim to a suit upon the $1065 note without showing that the $1423 note to which it is first to be applied has been extinguished, or for the excess above what may be required to satisfy the principal of said note. When pleaded as a counter-claim instead of as a payment, the rule of recovery will not be the same. In the former case the excess above 12 per cent only will be recoverable. Bexar Building and Loan Association v. Robinson, 78 Texas, 163.

In making the appropriation of the $500 as a payment we think it should be applied in the proportion that the smaller note bears to the larger one. White v. Blackmore, 8 Lea (Tenn.), 49; White v. Trumbull, 3 Green (N. J.), 314.

Because the charge of the court treated the whole of the $500 as a payment upon the note in controversy the motion for a rehearing will be granted, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 23, 1891.