## COX et ux. v. METROPOLITAN BUILDING & LOAN ASS'N et al.

### No. 4232.

Court of Civil Appeals of Texas. Amarillo.
May 21, 1934.

Rehearing Denied Sept. 17, 1934.

James O. Cade and Darrell L. Jackson, both of Amarillo, for appellants.

W. H. Flippen and Dan P. Johnston, both of Dallas, and Cooper & Lumpkin, of Amarillo, for appellees.

MARTIN, Justice.

The parties will be designated as in the trial court.

This is a penalty suit under article 5073, R. S. 1925, based upon the alleged collection from plaintiffs by defendant of usurious interest.

Defendant is a building and loan association, chartered and doing business in Texas under the terms of title 24, R. S. 1925. In 1925 plaintiffs made application for, and obtained a loan of, $1,975, giving as security certain real estate. As part of the· original contract, they subscribed for thirty shares of stock, agreeing to pay for same in monthly installments of $15. Interest on the loan was payable in monthly installments of $16.40. These items were regularly.paid until about 1928, when the interest payments appear to have been reduced to $14.81 per month. Several dividend payments are credited to the stock account, and the total balance shows a payment on stock, credited as payment to the principal note, of $1,273.04, on September 1, 1932. About the last-named date plaintiffs filed this suit for $3,147.50, claimed to be double the amount of interest paid on the above loan.

The only relief available in usury cases is furnished by articles 5071 and 5073, R. S. 1925. These are separate and distinct remedies. Plaintiffs here elected to sue under article 5073, reading as follows: "Within two years after the time that a greater rate of interest than ten per cent. shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same. Such action shall be instituted in any court of this State having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made."

 They secured venue in Potter county by such election. See report of one phase of this case, Cox et ux. v. Bishop (Tex. Civ. App.) 62 S.W.(2d) 1021. They may recover only and if the pleading and proof show a violation of the terms of the quoted article. We quote: "By the terms of article 5073, R. S. 1925, recovery of a penalty, as here attempted, is permitted only in cases where more than 10 per cent. per annum 'shall have been received or collected' within the two years preceding the filing of suit for same. It may be conceded that the provisions of the note for the collection of interest on interest in advance rendered the contract usurious without affecting the disposition of the penalty question. The statute as now written does not authorize the recovery of a penalty for interest collected on a usurious contract, unless such interest exceeds in amount 10 per cent. per annum. Article 5073, R. S. 1925; Simpson v. Grissom (Tex. Civ. App.) 38 S.W.(2d) 1106. In this respect the statute differs from earlier ones upon the subject. See Smith v. Stevens, 81 Tex. 461, 16 S. W. 986." Hampton v.

Guaranty State Building & Loan Ass'n (Tex. Civ. App.) 63 S.W.(2d) 873, 875.

The proof here conclusively shows that the highest amount of annual interest collected by the defendant association from plaintiffs from 1925 to the filing of this petition was the sum of $196.80, and the lowest the sum of $175.25. The aggregate amount of interest collected from June 27, 1925, the date of their note, to September 1, 1932, was $1,324.12. It will be seen, therefore, that less than 10 per cent. interest was collected, calculating it either annually or in the aggregate. We have excluded in these calculations all payments made by plaintiffs for stock, since the defendant by its contract in this respect did no more than the statute authorized, Continental Savings & Building Association v. Wood (Tex. Civ. App.) 33 S.W.(2d) 770, Id. (Tex. Com. App.) 56 S.W.(2d) 641; and such an item could not, therefore, be made the basis of a suit for the collection of the usury penalty named in article 5073, R. S. 1925. Id.

The sole question here is whether or not more then 10 per cent. interest per annum was collected from plaintiffs, and a discussion of appellants' contention of the usurious character of the contract in question would lengthen this opinion without adding anything of value to it. Plaintiffs failed to prove their case under said article, and all other questions pass out of the case and will not be discussed.

The trial court correctly entered judgment for defendant, and it is affirmed.