**F. B. & D., INC., et al., Appellant,**

v.

**NATHAN ALTERMAN ELECTRIC COMPANY, Appellee.**

No. 14396.

Court of Civil Appeals of Texas.

San Antonio.

July 7, 1965.

Rehearing Denied Oct. 27, 1965.

Al J. Klein, Keith E. Klein, San Antonio, for appellant.

Vaughan & Vaughan, San Antonio, for appellee.

CADENA, Justice.

This is an appeal from a summary judgment rendered against appellants, F. B. &

D., Inc., a corporation, Alvin Frieden, and Lois Leah Pullen, a feme sole, defendants below. The judgment allowed plaintiff, Nathan Alterman Electric Company, a corporation, recovery on two promissory notes, totalling $130,000.00, executed by defendants on January 3, 1963, together with interest in the sum of $24,239.57, and an award of attorneys' fees in the amount of $23,136.10.

In their original answer defendants alleged, among other things not material to this appeal, that the notes in question were part of a series of loans made by plaintiff to defendant F. B. & D., Inc., which constituted a single transaction in connection with which defendants were required to pay to plaintiff, in addition to the 6% interest stipulated in the notes evidencing the loans, interest at the rate of 20%. Defendants alleged that they had paid plaintiff usurious interest in the amount of $27,500.00, and they sought recovery against plaintiff of the sum of $55,000.00, double the amount of the usurious interest allegedly paid, as provided in Art. 5073, Vernon's Ann.Civ.Stats.

Plaintiff filed two motions for summary judgment, seeking judgment on its claim against defendants and praying that defendants take nothing by their counterclaim. The affidavits in support of the motion for judgment on plaintiff's claim established execution of the notes on January 3, 1963, by defendants and the receipt by defendant F. B. & D., Inc., of the sum of $130,000.00, the face amount of the two notes. The affidavits further stated, and defendants admit, nonpayment. It is undisputed that plaintiff has employed counsel to enforce collection.

Plaintiff's motion for summary judgment on defendants' counterclaim, and the affidavits and exhibits filed in support thereof, showed a series of loans made by plaintiff to defendants, beginning on January 10, 1962. These loans, evidenced by ten promissory notes, totalled $430,000.00, including the two notes which are the subject of this suit. The first eight notes, totalling $300,000.00 were paid in full by defendants, leaving only the two notes of January 3, 1963, in the combined amount of $130,000.00 unpaid. Plaintiff's affidavits denied the receipt of any usurious interest, and denied that defendants had paid, or had been obligated to pay, any usury in connection with such loans.

Defendants then filed their first amended original answer, renewing their contention that the notes sued on were part of a single transaction, and again asserting the payment of usurious interest. In this pleading defendants alleged that they were required to pay usurious interest in the sum of $34,575.00 in connection with the series of loans, and contended that because of the usury plaintiff was entitled to no interest whatever. In the alternative, should it be found that the two notes sued on by plaintiff were a separate and distinct transaction, defendants alleged the payment of usurious interest in the amount of $6,500.00 in connection with such notes, and asked that this amount be allowed defendants as credit or offset should plaintiff recover. The prayer was that, if plaintiff should recover, defendants be allowed credit or offsets as alleged in this pleading. This pleading did not pray for recovery by defendants of double the amount of the alleged usury.

In support of their opposition to plaintiff's motions for summary judgment, defendants filed affidavits stating that the notes sued on were part of an interim financing arrangement in connection with the construction by defendants of the Tradewinds Apartments. The financing arrangement was stated to consist of the series of loans outlined above. The affidavits recited payment by defendants to plaintiff of usurious interest in the sum of $34,575.00 in connection with all of the loans, and in the amount of $6,500.00 in connection with the two notes on which plaintiff bases its present claim.

We believe the trial court erred in granting the summary judgment in this case. From the record before us, it appears that there was a genuine issue of fact concerning the payment of usurious interest by defendants. The notes sued on were not usurious on their faces, since they provided for the payment of interest by the makers at the rate of 6%. But if, in connection with the loan, there was an agreement by the parties calling for payment by defendants of additional interest at the rate of 20%, then the transaction was usurious.

The parol evidence rule is no obstacle to showing that a writing which appears valid on its face is, in fact, a mask for usury. Our anti-usury statutes, Arts. 5069 et seq., Vernon's Ann.Civ.Stats., have as their purpose the prohibition of usury under any cover or pretext whatever. If parol or extrinsic evidence is not admissible to show that a written instrument not usurious on its face is nevertheless usurious in fact, then the purpose of our anti-usury statutes would be effectively thwarted by lenders merely by taking, as security for a loan, paper which on its face recites a lawful rate of interest. In order to avoid such facile circumvention of statutes denouncing usury, it is generally held that evidence dehors the agreement is admissible for the purpose of showing usury, even though such evidence contradicts the plain and unambiguous provisions of the written agreement. Smith v. Stevens, 81 Tex. 461, 16 S.W. 986 (1891); Farris v. Maisen, Tex.Civ.App., 371 S.W.2d 85, no writ; National Bond & Investment Co. v. Atkinson, Tex.Civ.App., 254 S.W.2d 885, wr. dism.; Anno: 82 A.L.R 1199, 104 A.L.R. 1261.

While it may not be entirely accurate to say that excessive interest payments are applied by law to the reduction of the principal, it seems to be well settled that the debtor has the right to insist that payments of usurious interest be applied to the principal so long as a portion of the debt remains unpaid. Ware's Adm'rs v. Bennett, 18 Tex. 794 (1857); Adleson v. B. F. Dittmar Co., 124 Tex. 564, 80 S.W.2d 939 (1935).

The law applicable to this case has been stated by this Court in Roberts v. Coffin, 22 Tex.Civ.App. 127, 53 S.W. 597, 599, no writ, as follows:

" * * * In this state it is the settled rule that where usury is shown, and payment of interest made, the legal effect of such facts is that the usurious payment will be applied in reduction of the principal as a payment thereon. * * * But here the written contract made was not usurious, as it stipulated for 10 per cent. interest only. In such a case, will a contemporaneous parol agreement to pay 18 per cent., instead of 10, as stipulated in the contract, make the contract usurious; or, rather, can such parol agreement be shown upon such issue? It has been held that it may be shown where its effect upon the contract would be to make it illegal. * * * Our constitution (article 16, § 11) is self-enacting as far as it deals with the subject, and makes all contracts, whether written or oral, for a greater rate of interest than 10 per cent., unlawful. * * * Consequently the rule above stated would apply, and parol testimony is, we believe, admissible to show that at the time the note was given the parties really contracted for more than 10 per cent. But, * * *, the constitutional prohibition of itself would render illegal only the excess of interest over 10 per cent., unless the legislature saw fit to provide otherwise. The legislature has declared usurious contracts void for the whole interest, but this is in respect only to written contracts, stipulating in some form for excessive in-

terest, which the written contract here does not do."

Because of the error indicated, the judgment of the trial court is reversed and the cause remanded for further proceedings.