**Robert GILCHRIST d/b/a Concan Cable TV, Appellant,**

v.

**BANDERA ELECTRIC COOPERATIVE, Appellee.**

No. 04–94–00547–CV.

Court of Appeals of Texas, San Antonio.

March 18, 1998.

Rehearing Overruled March 30, 1998.

Earle Cobb, Jr., San Antonio, for Appellant.

James A. Rindfuss, San Antonio, for Appellee.

Before HARDBERGER, C.J., and DUNCAN and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

Robert Gilchrist appeals a summary judgment in favor of Bandera Electric Cooperative. We affirm the judgment of the trial court as it relates to Bandera Electric Cooperative's claim for breach of contract. However, we reverse the trial court's judgment as to the disposition of Gilchrist's counterclaims.

## FACTUAL AND PROCEDURAL BACKGROUND

Robert Gilchrist, a supplier of cable-television in and around Concan, Texas, had a contractual agreement with Bandera Electric Cooperative, allowing Gilchrist to attach his cable to Bandera's electrical poles. The contract provided that it was to remain "in effect until terminated by either party at the end of one (1) year from the date hereof or thereafter upon the giving of written notice to the other party not less than six (6) months prior to the date of termination." On June 11, 1992, Bandera notified Gilchrist that it was terminating their agreement on December 11, 1992. However, Gilchrist continued to use Bandera's poles.

In late 1993, Bandera sued Gilchrist for breach of contract, seeking injunctive relief, unpaid rent, and attorney's fees. Gilchrist asserted several affirmative defenses, as well as counterclaims for breach of contract, DTPA violations, antitrust violations, and coercion. Bandera moved for summary judgment on its claims against Gilchrist; however, Bandera's motion made no mention of Gilchrist's counterclaims. The motion was set for hearing on June 24, 1994. On June 20, 1994, Gilchrist filed an affidavit, asserting various fact issues that would preclude summary judgment. On June 21, 1994, Gilchrist filed a motion requesting leave to file a response to Bandera's motion, a response, and a motion for continuance. There is nothing in the record to indicate the trial court ruled either on Gilchrist's motion for leave or his motion for continuance.

On June 24, 1994, the trial court heard argument on Bandera's motion and granted summary judgment in favor of Bandera for unpaid rent and attorney's fees. The order contained a Mother Hubbard clause providing that all relief not expressly granted was denied. Gilchrist appealed the summary judgment to this court. Sitting en banc, a majority of this court held that, because the trial court erred in granting summary judgment on Gilchrist's unaddressed counterclaims, the entire case must be reversed and the case remanded to the trial court for the entry of a judgment properly disposing of all issues and parties. *Gilchrist v. Bandera Elec. Co-op., Inc.*, 924 S.W.2d 388, 394 (Tex. App.—San Antonio 1996). The supreme court reversed our holding, finding that the proper deposition in these circumstances is to "affirm the judgment of the trial court in part, reverse in part since only a partial summary should have been rendered, and remand the case to the trial court for further proceedings." *Bandera Elec. Co-op., Inc., v. Gilchrist* 946 S.W.2d 336, 337 (Tex.1997). Thus, the supreme court remanded the case back to this court with implicit instructions to consider the merits of the summary judgment, and to affirm the summary judgment to the extent it is correct and to reverse the summary judgment as to the unaddressed counterclaims. *Id.* at 337–38.

## ARGUMENT AND AUTHORITY

### A. Bandera's Claims[1]

Gilchrist contends that the trial court erred in granting summary judgment on Bandera's claims because fact issues exist regarding both the termination of the original contract and whether subsequent agreements existed between Gilchrist and Bandera. The fact issues on which Gilchrist relies were raised in his response to Bandera's motion and his supporting affidavit. Bandera argues that Gilchrist's response and affidavit were not timely filed and, therefore, are not part of the summary judgment record and may not be considered by this court in determining the propriety of the summary judgment on Bandera's claims. We agree.

■ Absent a leave of court, a response to a motion for summary judgment is due at least seven days before the date set for the hearing. Tex.R. Civ. P. 166a(c); *Sosa v. Central Power & Light,* 909 S.W.2d 893 (Tex. 1995). Therefore, as conceded by Gilchrist in his motion for leave to file a late response, his response and affidavit were untimely. As noted above, the record before us does not contain an order on Gilchrist's motion for leave to file a late response. Accordingly, Gilchrist's response is a "nullity," and we presume it was not considered by the trial judge. *Benchmark Bank v. Crowder,* 919 S.W.2d 657, 663 (Tex.1996); *see generally* Timothy Patton, Texas Summary Judgments § 2.02[2] (Michie, 2d ed.1996).

■ Where a party fails to file a response to a motion for summary judgment, the only ground for reversal he may assert on appeal is the legal sufficiency of the motion for summary judgment and the supporting proof. *McConnell v. Southside ISD,* 858 S.W.2d 337, 343 (Tex.1993); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). In this case, Gilchrist does not challenge the sufficiency of Bandera's summary judgment proof, nor could he. Because Gilchrist's untimely response and affidavit may not be considered, Bandera's summary judgment evidence stands as uncontroverted proof of Gilchrist's liability on Bandera's claims and of Bandera's resulting damages. We therefore hold that Bandera was entitled to summary judgment on its claims as a matter of law.

### B. Gilchrist's Counterclaims

■ It is well settled that a summary judgment that fails to dispose of all the issues and parties in a case is interlocutory and may not be appealed. *See Chase Manhattan Bank v. Lindsay,* 787 S.W.2d 51, 53 (Tex.1990); *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454 (Tex.1982). However, when

1. Our discussion of the propriety of the summary judgment as to Bandera's claims mirrors Justice Duncan's treatment of this issue in her concurring and dissenting opinion to this court's original majority opinion. *See Gilchrist v. Bandera Elec. Co-op., Inc.,* 924 S.W.2d 388, 394 (Tex. App.—San Antonio 1996) (Duncan, J., concurring & dissenting).

a summary judgment order purports to dispose of a case in its entirety via the use of Mother Hubbard language, the judgment should be treated as final for purposes of appeal. *Mafrige v. Ross,* 866 S.W.2d 590, 591–92 (Tex.1993). If the motion for summary judgment fails to address all claims, cross-claims, counter-claims, or parties, the appropriate procedure is to address the merits of the summary judgment, affirming the judgment as to the claims properly disposed of in the trial court and reversing the summary judgment as to any issues or parties that were not addressed in the motion. *See Gilchrist,* 946 S.W.2d at 338 (citing *Ross v. Arkwright Mut. Ins. Co.,* 892 S.W.2d 119, 134 (Tex.App.—Houston [14th Dist.] 1994, no writ)). In this case, Bandera's motion for summary judgment did not address Gilchrist's counterclaims for breach of contract, violations of the DTPA, violations of antitrust laws, and coercion. Because these causes of action were not addressed in Bandera's motion, the trial court erred in rendering summary judgment in favor of Bandera as to Gilchrist's counterclaims.

### CONCLUSION

The trial court's judgment is affirmed as to Bandera's claim of breach of contract, and the judgment is reversed as to Gilchrist's claims of breach of contract, violations of the DTPA, violations of antitrust laws, and coercion. The case is remanded to the trial court for the proper disposition of Gilchrist's counterclaims.