Reversed and Remanded in Part, Reversed and Rendered in Part, and
Majority and Dissenting Opinions filed March 8, 2007








Reversed and Remanded in Part, Reversed and Rendered
in Part, and Majority and Dissenting Opinions filed March 8, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00917-CV

_______________

 

LAWRENCE E. STURM, Appellant

 

V.

 

GUENTHER MUENS, Appellee

                                       
                                                                                                        

On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 01-49507

                                                          
                                                                                     

 

D I S S E N T I N G   O P I N I O N

 

The court should affirm the
take-nothing judgment on appellant Lawrence E. Sturm=s usury counterclaim. Because the
court instead reverses that portion of the judgment and remands the usury
counterclaim for a new trial, I respectfully dissent. 








Sturm=s usury counterclaim against appellee
Guenther Muens was an independent claim for affirmative relief.  It was never
the subject of a motion for summary judgment.  Although Muens filed a motion
for partial summary judgment on his promissory  note claim in January 2003, and
Sturm responded to this traditional motion by asserting a usury defense, Muens
did not move for summary judgment on any of Sturm=s claims for affirmative relief.
Muens did not mention usury or any of Sturm=s counterclaims in his motion for
summary judgment.  The trial court=s September 2003 order granting
summary judgment on the note claim did not grant summary judgment in favor of
Muens on Sturm=s usury counterclaim or on any other claim for affirmative relief.  The
trial court, without stating its reasons, simply granted partial summary
judgment in favor of  Muens on his note claim,[1]
leaving all other claims and counterclaims for trial.  In fact, after granting
judgment on the note claim, the trial court stated that this was the only
relief that it granted.

The majority concludes that, if a
motion for summary judgment deals with a defense involving the same allegations
and evidence as a counterclaim in the case, then an order granting the motion
impliedly adjudicates the counterclaim, even though the motion and the order do
not address the counterclaim.  This is not Texas law.[2] 
  








Because Muens=s motion for partial summary judgment
and the order granting it dealt only with Muens=s note claim, the other claims
asserted by and between the parties remained to be adjudicated.  Thus, when the
parties went to trial in April 2004, Sturm=s usury counterclaim was a live
claim.  

At the jury trial, Muens=s fraud claim was the only issue
submitted to the jury.  Sturm did not request a jury issue on his usury
counterclaim, nor did he object to this omission from the jury charge.  Several
months after the jury trial, in August 2004, the trial court signed a final
judgment which stated, among other things, A[t]he court denied Defendant Lawrence
Edward Sturm, Sr.=s counter-claim for usury and ordered that Sturm take
nothing.@  

Sturm does not complain on appeal
that the trial court erred in rendering this take-nothing judgment on his usury
counterclaim following the jury trial.  Nor does Sturm complain on appeal that
the trial court failed to submit his usury counterclaim to the jury or that the
trial court improperly disposed of it after the jury trial; rather, Sturm bases
his appellate complaint on the false premise that the trial court disposed of
his usury counterclaim by summary judgment before trial.  The majority also bases
its analysis on the erroneous statement that the summary judgment disposed of
Sturm=s counterclaim.[3] 
That simply did not happen.  Because Sturm failed to preserve error as to the
trial court=s true disposition of his usury counterclaim[4]
and failed to assign error to that ruling in this court,[5]


 

 

 








that portion of the judgment should
be affirmed. 

 

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Majority and
Dissenting Opinions filed March 8, 2007.

Panel consists of Justices Anderson,
Edelman, and Frost (Edelman, J., majority).

 









[1]           The court=s order stated in its entirety: 

On this day came to heard [sic] Plaintiff Guenther
Muens=s Motion for Partial Summary Judgment against
Defendant Lawrence Edward Sturm, Sr.  The Court, having considered the
pleadings and evidence presented, is of the opinion that no genuine issue of
material fact exists and as a matter of law the motion should be GRANTED as
follows. [sic]

IT IS THEREFORE ORDERED that Guenther Muens have
judgment against Lawrence Edward Sturm, Sr. as follows. [sic]

[awarding damages on the promissory note, attorney=s fees, and interest]

All relief not specifically granted is denied.





[2]           See Lehmann, 39 S.W.3d at 205
(stating that A[a]n order that adjudicates only the plaintiff's
claims against the defendant does not adjudicate a counterclaim, cross‑claim,
or third party claim, nor does an order adjudicating claims like the latter
dispose of the plaintiff's claims@); Gilchrist
v. Bandera Elec. Coop., 966 S.W.2d 716, 717B19 (Tex. App.CSan Antonio 1998, no pet.) (holding that trial court
erred in granting summary judgment as to counterclaims not addressed in motion
for summary judgment and remanding these claims to the trial court even though
these claims were intertwined with the plaintiff=s breach of contract claim, as to which the appellate court affirmed
the trial court=s judgment in plaintiff=s favor).  





[3]           See ante at p. 2 & n.1.





[4]           The failure to raise a complaint at trial
to a jury charge or to the judgment waives review of that complaint on appeal. 
See Tex. R. App. P. 33.1;  Tex. R. Civ. P. 274 (AUpon appeal all independent grounds of recovery or of
defense not conclusively established under the evidence and no element of which
is submitted [in the jury charge] or requested are waived.@); Bass v. Walker, 99 S.W.3d 877, 889 (Tex.
App.CHouston [14th Dist.] 2003, pet. denied) (holding
appellants failed to preserve error because they did not present to the trial
court their complaint regarding the trial court=s judgment).





[5]           See Tex. R. App. P. 38.1(e); Texas Nat=l Bank v. Karnes, 717 S.W.2d 901, 903 (Tex. 1986) (holding that Athe court of appeals may not reverse a trial court=s judgment in the absence of properly assigned error@).