**Affirm in part, reverse in part, and remand; Opinion Filed October 28, 2020**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00672-CV

## MR. DOE AND MRS. DOE, INDIVIDUALLY AND AS NEXT FRIEND OF JANE DOE, Appellants
## V.
## TENANT LANDLORD CONNECTION PROPERTIES LLC (D/B/A AND A/K/A HAZELWOOD APARTMENTS), BARBARA CLARK AND GREGORY SCOTT VINE, Appellees

### On Appeal from the 162nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-17-11431

## MEMORANDUM OPINION
Before Chief Justice Burns, Justice Myers, and Justice Evans
Opinion by Justice Myers

This case concerns landlord liability for a tenant's sexual assaults on the fourteen-year-old daughter of other tenants at an apartment complex. Mr. and Mrs. Doe, individually and as next friend of their daughter, Jane Doe, appeal the summary judgment rendered in favor of the owner of the apartment complex, Tenant Landlord Connection Properties LLC (TLCP), its property manager, Barbara Clark, and the tenant who committed the sexual assaults, Gregory Vine. Appellants bring one issue with eleven sub-issues contending the trial court erred

in granting TLCP and Clark's motion for summary judgment and dismissing all of appellants' claims.  We reverse the trial court's judgment dismissing appellants' claims against Vine because Vine did not move for summary judgment.  We affirm the trial court's summary judgment on appellants' cause of action against TLCP for premises liability.  We reverse the trial court's summary judgment on appellants' causes of action against TLCP and Clark for common law and statutory fraud and for negligent training and hiring.  We remand the case to the trial court for further proceedings.

## BACKGROUND

In June 2016, appellants applied for an apartment at the Hazelwood Apartments owned by TLCP. [1]  Appellants spoke to the property manager, Barbara Clark.  During the application process, Mrs. Doe asked Clark multiple times whether any sex offenders lived in the complex.  Clark assured her that no sex offenders lived there.  Clark told Mrs. Doe that a sex offender could not live there because prospective residents' backgrounds were checked for criminal and financial issues.  Appellants' application to lease was approved, and they signed a lease.

Unbeknownst to appellants and Clark, one of the tenants, Gregory Vine, was a registered sex offender.  In 2003, which was before TLCP purchased the complex

---

[1] Appellants' application to lease an apartment is dated April 21, 2016.  However, Mrs. Doe testified she filled in the application "maybe a week" before they signed the lease on July 1, 2016.

and Clark began working there, Vine moved to the apartment complex. On his rental application, he checked the box indicating he had been convicted of a felony, but he did not provide additional information. TLCP purchased the apartment complex in 2010, but it did not perform criminal background checks of the existing tenants. Although Vine's lease required him to inform the apartment complex if he was required to register as a sex offender, he never did so. If Clark, TLCP, or appellants had checked the sex-offender registry website, they would have learned that Vine was convicted in 1997 of sexual assault of a fourteen-year-old female victim. The website correctly listed Vine's residence as his apartment in the apartment complex. TLCP renewed Vine's lease in August 2016 for a term ending April 30, 2017.

In late January and early February 2017, the Does' fourteen-year-old daughter, Jane Doe, went with Vine, who was forty-three years old, into his apartment on two occasions where, she testified, he sexually assaulted her.

Appellants brought suit against Vine for assault. They sued TLCP alleging causes of action for premises liability, common law and statutory fraud, and for negligence in hiring and training Clark. They also sued Clark for common law fraud and asserted that TLCP was vicariously liable for her torts.[2] TLCP and Clark

---

[2] Appellants alleged TLCP was vicariously liable for Clark's torts under the doctrine of respondeat superior because Clark was TLCP's employee or authorized agent. TLCP does not dispute that it is vicariously liable for Clark's torts alleged in this action.

moved for summary judgment on the claims against them, but Vine did not move for summary judgment or otherwise appear in the case. The trial court granted the motion for summary judgment and ordered that appellants' "entire case against Defendants is hereby dismissed with prejudice."

## SUMMARY JUDGMENT

Appellants contend the trial court erred in granting TLCP and Clark's motion for summary judgment.

In a traditional motion for summary judgment, the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

Rule 166a(i) provides that after an adequate time for discovery, a party "may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would

have the burden of proof at trial." TEX. R. CIV. P. 166a(i). We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *See id.* at 762. When analyzing a no-evidence summary judgment, "we 'examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.'" *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)). A no-evidence summary judgment is improperly granted if the nonmovant presented more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions.'" *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

"A fact issue is raised by circumstantial evidence if a reasonable person would conclude from the evidence that the existence of the fact is more reasonable

than its nonexistence." *Guthrie v. Suiter*, 934 S.W.2d 820, 831 (Tex. App.—Houston [1st Dist.] 1996, no writ). "All that is required is that the circumstances point to ultimate facts sought to be established with such a degree of certainty as to make the conclusion reasonably probable." *Id.* "No fact issue is raised where the evidence is so indefinite and uncertain as to preclude a finding." *Id.* at 831–32.

In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

## CLAIMS AGAINST VINE

In their first sub-issue, appellants contend the trial court erred in dismissing their claims against Vine. Appellants sued Vine for assault by infliction of bodily injury and assault by offensive physical contact. The record does not show that Vine filed an answer or any document in this case.[3] Although neither Vine nor TLCP and Clark moved for summary judgment on appellants' assault claims

---

[3] Vine has not filed a brief or otherwise appeared in this Court.

against Vine, the trial court ordered "Plaintiffs' entire case against Defendants" dismissed with prejudice. Appellants objected in their motion for new trial to the dismissal of their claims against Vine, but the motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c) (motion for new trial overruled by operation of law if not ruled on within seventy-five days after signing of final judgment).

A trial court errs in granting a motion for summary judgment on a cause of action for which no party moved for summary judgment. *See LaGoye v. Victoria Wood Condo. Ass'n*, 112 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Therefore, the trial court erred in rendering summary judgment on appellants' assault claims against Vine. Having found error, we must determine whether the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1). The granting of summary judgment on a cause of action for which summary judgment was not expressly sought is harmless when "the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) (per curiam). None of the grounds TLCP and Clark raised in this case would preclude appellants' claims against Vine. Accordingly, the trial court's rendition of summary judgment on appellants' claims against Vine was reversible error. We sustain appellants' first sub-issue.

**PREMISES LIABILITY**

In their sixth and seventh sub-issues, appellants contend the trial court erred in granting summary judgment on appellants' premises liability cause of action. In their petition, appellants alleged that Vine posed an unreasonable risk of harm to Jane Doe, that TLCP knew or reasonably should have known of the danger he presented, and that TLCP breached its duty of care because it permitted Vine to reside on the premises and failed to warn appellants that Vine had previously been convicted of sexually assaulting a fourteen-year-old girl.

The elements of a premises liability claim are (1) actual or constructive knowledge of some condition on the premises, (2) an unreasonable risk of harm posed by the condition, (3) failure to exercise reasonable care to reduce or eliminate the risk, and (4) injuries proximately caused by the failure to use reasonable care. *See Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996) (per curiam). TLCP and Clark moved for summary judgment on two grounds for this cause of action, asserting appellants had no evidence that TLCP and Clark owed them a duty and no evidence that any failure to exercise reasonable care proximately caused appellants' injuries.

Generally, a landlord has no duty to tenants or their invitees for dangerous conditions on the leased premises. *Johnson Cty. Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996); *Caldwell v. Curioni*, 125 S.W.3d 784, 790 (Tex. App.—Dallas 2004, pet. denied). As the supreme court has stated,

> The general rule is that a landlord is not liable to a lessee for injuries caused by an unsafe condition, which can include the unreasonable risk of harm from criminal intrusions, unless the landlord was aware of the latent dangerous condition at the time the premises were let. But when a landlord retains possession or control of a portion of the leased premises, the landlord is charged with the duty of ordinary care in maintaining the portion retained.

*Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993) (citations omitted). The Fort Worth Court of Appeals explained the duty as follows: "in a premises liability lawsuit involving a landlord-tenant relationship, if the tenant demonstrates that the landlord had possession or control of the premises in question, then the landlord owed a duty to the tenant as an invitee." *McDonald v. City of the Colony*, No. 2-08-263-CV, 2009 WL 1815648, at *8 (Tex. App.—Fort Worth June 25, 2009, no pet.) (mem. op.).

Appellants argue that TLCP and Clark had possession or control over Vine's apartment and thus owed a duty to those inside the apartment, including Jane Doe, because, as the landlord and property manager, they controlled who was permitted to reside at the apartment unit leased to Vine. Control of the decision whether to renew a lease is not control of the premises for purposes of premises liability. In this case, the term of Vine's lease expired on April 30, 2016, and was not renewed by TLCP for another year until August 4, 2016. The lease renewal stated the new lease period began May 1, 2016, and extended to April 30, 2017. The lease stated that on the expiration of the lease period, "this lease will automatically renew month-to-month." Thus, during the May 1 to August 4 period, the lease was

–9–

automatically renewed on a month-by-month basis, and Vine remained the lessee in control of the apartment. As long as Vine was the lessee of the apartment, the apartment remained under his control, not TLCP's, and TLCP had no duty under a premises liability theory to make the premises safe from dangers in the apartment of which it had no awareness, including the danger from Vine being a sex offender. *See Johnson Cty. Sheriff's Posse, Inc.*, 926 S.W.2d at 285. Appellants agreed in the lease that TLCP and Clark had no duty to perform criminal background checks and would not be liable for an assault to appellants by another tenant of the apartment complex:

> **24.4 Loss.** Unless otherwise required by law, we're not liable to any resident, guest, or occupant for personal injury . . . from any cause, including . . . negligent or intentional acts of residents, occupants, or guests. . . .

> **24.5 Crime or Emergency.** . . . Unless otherwise provided by law, we're not liable to you, your occupants, or your guests for injury, damage, or loss to person or property caused by criminal conduct of other persons, including . . . assault . . . or other crimes. . . . We're not responsible for obtaining criminal-history checks on any residents, occupants, guests, or contractors in the apartment community.

Under these lease provisions, appellants agreed that TLCP had no duty to check Vine's criminal background before renewing his lease.

Appellants also argue TLCP and Clark controlled and had possession of Vine's apartment because, pursuant to the lease, they had the right to enter the apartment "for reasonable business purposes." However, a landlord's retention of the right to re-enter a leased apartment and make repairs "is not a reservation of

–10–

control over a part of the leased premises." *Peterson v. La Costa Villas, L.L.C.*, No. 05-13-00975-CV, 2014 WL 3513275, at *2 (Tex. App.—Dallas July 15, 2014, pet. denied). Accordingly, we cannot agree with appellants that TLCP's right to enter Vine's apartment "for reasonable business purposes" constituted possession or control over Vine's apartment.

We conclude appellants did not show that TLCP owed appellants a duty under the doctrine of premises liability to prevent Vine's assaults on Jane Doe.[4] The trial court did not err in granting TLCP and Clark's motion for summary judgment on appellants' premises liability cause of action. We overrule appellants' sixth and seventh sub-issues.

## FRAUD

In their third, fourth, and fifth sub-issues, appellants contend the trial court erred in granting TLCP and Clark's motion for summary judgment on appellants' common law and statutory fraud causes of action.

### Common Law Fraud

In their third sub-issue, appellants contend the trial court erred in granting TLCP and Clark's motion for summary judgment on appellants' cause of action for common law fraud. To prevail on a claim of common law fraud by affirmative misrepresentation, a plaintiff must prove must prove (1) the defendant made a

---

[4] Having concluded that appellants presented no evidence that TLCP and Clark owed them a duty under their premises liability cause of action, we do not address whether appellants presented some evidence of proximate causation under this cause of action.

material misrepresentation that was false; (2) the defendant (a) knew the representation was false or (b) made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and thereby suffered injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

Appellants alleged Clark made an affirmative misrepresentation that was false when she told appellants that TLCP did not lease apartments to sex offenders and that no sex offenders resided in the complex. TLCP and Clark moved for summary judgment on the common law fraud cause of action on this ground: "There is no evidence that Clark knew the alleged misrepresentations were false when she made them, that she asserted them without knowledge of their truth, or that she intended the alleged misrepresentations to be acted upon by Plaintiffs." On appeal, appellants do not dispute that Clark did not know the representations were false. They argue she made the representations recklessly. TLCP and Clark assert that the representations, even if false, were not made recklessly.

The supreme court has defined "recklessly" in the definition of fraud as follows:

> A speaker acts recklessly if he makes representations without any knowledge of the truth and as a positive assertion. In other words, a representation is recklessly made if the speaker knows that he does not have sufficient information or basis to support it or if he realizes that he does not know whether or not the statement is true.

–12–

*Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 527 (Tex. 1998) (citations and internal quotation marks omitted).[5] A plaintiff may use direct or circumstantial evidence to prove a defendant made a statement without knowledge of its truth. *Id.* at 526.

In *Johnson & Higgins*, Kenneco Energy sought insurance coverage from Johnson & Higgins for a complex oil transaction involving oil being delivered by sea from Brazil. Anderson, an employee of the insurance agency Johnson & Higgins, represented to Brown, Kenneco Energy's employee, that a policy provided certain coverage for an oil shipment. *Id.* at 511–12. In fact, the policy did not provide the coverage, and when the shipment of oil arrived polluted and short in quantity, the buyer rejected it. *Id.* at 512. Kenneco made a claim under the insurance policy, but the underwriters rejected it. *Id.* at 513. Kenneco sued Johnson & Higgins for many causes of action including fraud by reckless misrepresentation. *Id.* The supreme court stated:

> This standard [fraud by reckless misrepresentation] might apply if Anderson, with no familiarity of the policy language, had told Brown that the coverage applied without consulting the policy itself. It is undisputed that that is not the case. Anderson realized his ignorance of the policy language, and obtained a copy of the policy and read it over with Brown in an effort to answer her concerns. Thus, the

---

[5] TLCP and Clark argue that recklessness in fraud in requires evidence of "wanton disregard of the rights of others or conscious indifference to the result which may follow as a result of one's acts," citing the 1994 federal case *IT Corp. v. Motco Site Trust Fund*, 903 F. Supp. 1106, 1128 (S.D. Tex. 1994). The Texas Supreme Court's 1998 description in *Johnson & Higgins* of recklessness in fraud contains no such requirement.

evidence does not indicate that Anderson made the representation "without any knowledge of the truth." At most, it establishes that Anderson should have known that his representations may have been incorrect; such evidence, however, is akin to negligent misrepresentation, not fraud.

*Id.* at 527 (citation omitted). The record contains evidence that Clark, unlike Anderson, made no attempt to determine the truth of her representation. Although Clark had a basis to state that none of the residents who applied for tenancy during her time as property manager at the complex were sex offenders—she had performed background checks on them as they applied to lease an apartment—she had no basis to state that the existing tenants, like Vines, when she became property manager were not sex offenders. She had not performed background checks on the existing tenants, and she had not reviewed their files to see whether they had any background checks or whether any of them, like Vines, had stated on their applications that they had been convicted of a felony. Nor did she consult the sex-offender registry to determine whether any tenant at the complex was a registered sex offender. Thus, Clark had no basis for her affirmative statement that no sex offender was a tenant at the apartment complex.

In support of the argument that there is no evidence of recklessness, TLCP and Clark cite *Landers v. Aurora Loan Services, LLC*, 434 S.W.3d 291 (Tex. App.—Texarkana 2014, no pet.). The court of appeals stated:

> To raise a question of recklessness, there must be more evidence than merely that the person making the representation turned out to be wrong, even if the fact-finder found that the representation was

–14–

> incorrect here. There must be some evidence that raises a fact issue concerning recklessness, beyond just being wrong. Recklessness may be inferred from surrounding circumstances, existing either before or after a representation is made. But the recklessness must be that of the person making the alleged misrepresentation. While the record does raise a fact question concerning whether the speaker was wrong in a representation to the Landerses, we do not find any evidence raising a fact issue concerning whether the speaker was reckless about the truth. We overrule this contention.

*Id.* at 297. In this case, the evidence is more than the mere fact that Clark was wrong about whether a sex offender resided in the complex. Some evidence shows she had no basis for the statement. In *Landers*, however, Aurora Loan Services' employee made a representation that the Landerses would be able to refinance their loan, but the opinion provides no facts showing the employee's statement had no basis. *See generally id.* at 292–96.

We conclude appellants presented more than a scintilla of evidence that Clark made a reckless misrepresentation.

TLCP and Clark also asserted in their motion for summary judgment that appellants had no evidence to support the third element of fraud, "the defendant intended to induce the plaintiff to act upon the representation." *Ernst & Young*, 51 S.W.3d at 577. Mrs. Doe testified that when she applied to lease an apartment, she made clear to Clark that they would not move there if a sex offender resided in the complex, and Clark "said no, that that was not allowed." After appellants were approved, Mrs. Doe returned to the complex to sign the lease. Mrs. Doe again asked Clark if any sex offenders lived in the complex, and Clark said, "No,

–15–

that's not allowed."[6]  Clark testified that her duties included maintaining the complex's occupancy target of ninety percent.  This evidence shows Clark knew that appellants would not lease the apartment if there were sex offenders living in the complex, and she answered their question telling them no sex offender lived there.  A reasonable person would conclude from this evidence that it is more reasonable that Clark intended to induce appellants to act upon her representation and lease an apartment than that she did not have that intention.  We conclude this testimony constitutes some circumstantial evidence that Clark made the representation about sex offenders intending to induce appellants to act upon it.

Because appellants presented some evidence of the two elements of common law fraud that TLCP and Clark challenged in their no-evidence motion for summary judgment, we sustain appellants' third sub-issue.

### Statutory Fraud

In their fourth sub-issue, appellants contend the trial court erred in granting TLCP and Clark's motion for summary judgment on appellants' statutory fraud claim.  Appellants pleaded a cause of action for fraud in a real estate transaction under section 27.01(a)(1) of the Texas Business and Commerce Code:  "false representation of a past or existing material fact, when the false representation is

---

[6] Mrs. Doe also testified that after appellants signed the lease and moved into their apartment, Mrs. Doe saw Clark, "and I asked her if there were any registered sex offenders on the property who, you know, may have moved in; and she said, No, I've already told you and your husband that if you are a registered sex offender or have a sex crime, you cannot live on the property."

(A) made to a person for the purpose of inducing that person to enter into a contract; and (B) relied on by that person in entering into that contract."[7]  TEX. BUS. & COM. CODE ANN. § 27.01(a)(1).  TLCP and Clark moved for summary judgment on the following grounds:  "there is no evidence that Clark made the alleged misrepresentations [1] without intending to fulfill them or [2] for the purpose of inducing Plaintiffs into a contract."

The first ground, no evidence that Clark made the misrepresentations without intending to fulfill them, is not an element of statutory fraud under section 27.01(a)(1), which was the provision under which appellants pleaded their cause of action.  *See supra* note 7.  Therefore, appellants had no burden to present evidence of this matter.  *See* TEX. R. CIV. P. 166a(i) Comment—1997 (response to

---

[7] Section 27.01(a)(2) permits a cause of action for another type of statutory fraud:  "False promise to do an act, when the false promise is (A) material; (B) made with the intention of not fulfilling it; (C) made to a person for the purpose of inducing that person to enter into a contract; and (D) relied on by that person in entering into that contract."  TEX. BUS. & COM. CODE ANN. § 27.01(a)(2).  Appellants' cause of action for statutory fraud was under section 27.01(a)(1), not (a)(2).  Appellants alleged:

> 1. Plaintiffs Mr. Doe, Mrs. Doe, and Defendant Hazelwood Apartments' lease Agreement was a transaction involving real estate covered by Texas Business & Commerce Code § 27.01.
>
> 2. During the transaction, Defendant Hazelwood Apartments made a false representation of fact that Defendant Hazelwood Apartments did not and could not lease apartments to sex offenders.
>
> 3. The false representation made by Defendant Hazelwood Apartments was made for the purpose of inducing Mr. Doe and Mrs. Doe to enter into the lease contract.
>
> 4. Mr. Doe and Mrs. Doe relied on the false representations by entering into the lease contract.
>
> 5. The reliance caused Mr. Doe and Mrs. Doe injuries and damages.

Their pleading alleged false representation of a material fact; it did not allege a false promise to do an act. Thus, appellants' statutory fraud cause of action was under section 27.01(a)(1), and not (a)(2).

no-evidence motion for summary judgment "need only point out evidence that raises a fact issue on the challenged elements").

On the second ground, no evidence that Clark made the misrepresentations "for the purpose of inducing Plaintiffs into a contract," the same circumstantial evidence that supported the common law fraud element that Clark intended to induce appellants to act upon the misrepresentation also supports the statutory fraud element that TLCP, through its employee Clark, made the misrepresentation for the purpose of inducing appellants into a contract. Mrs. Doe testified that before she signed the lease, she made clear to Clark that appellants would not lease an apartment if a sex offender lived in the complex; Clark then told appellants that no sex offender lived in the complex and that sex offenders would not be allowed to lease an apartment. Appellants leased the apartment. We conclude this evidence constitutes some circumstantial evidence that Clark made the misrepresentation for the purpose of inducing appellants into a contract.

We sustain appellants' fourth sub-issue.

### Parol Evidence Rule/Merger Doctrine

In their fifth sub-issue, appellants contend the trial court erred in granting TLCP and Clark's motion for summary judgment on the common law and statutory fraud causes of action on the ground that appellants' evidence of the misrepresentations was excluded by the parol evidence rule.

–18–

Besides the no-evidence grounds discussed above, TLCP and Clark also moved for summary judgment on the fraud causes of action on the ground that "[t]he parol evidence rule excludes any of Clark's alleged misrepresentations regarding sex offenders at the apartments."

"The parol evidence rule precludes consideration of extrinsic evidence to contradict, vary, or add to the terms of an unambiguous written agreement, absent fraud, accident, or mistake. . . . [E]vidence admitted in violation of the parol evidence rule, whether objected to or not, is incompetent and without probative force to support any finding." *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 565 S.W.3d 280, 301 (Tex. App.—Dallas 2017), *rev'd in part on other grounds*, 572 S.W.3d 213 (Tex. 2019).

TLCP and Clark point out that the lease provided that TLCP was "not liable to any resident, guest, or occupant for personal injury . . . from any cause, including . . . negligent or intentional acts of residents, occupants, or guests." The lease also provided that TLCP was "not liable to you, your occupants, or your guests for injury, damage, or loss to person or property caused by criminal conduct of other persons, including . . . assault." And, the lease provided that TLCP was "not responsible for obtaining criminal-history checks on any residents."

Appellants have not brought suit for breach of the lease, nor do they seek to enforce any contract. Instead, in their fraud causes of action, they seek compensation for the damages they suffered through their reliance on TLCP and

Clark's misrepresentations. *See Sturn v. Muens*, 224 S.W.3d 758, 762 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (parol evidence rule applies "only where such evidence is offered for the purpose of *enforcing* an inconsistent agreement . . . , it does not apply to evidence offered for the purpose of showing that no agreement is to be enforced at all, such as by reason of . . . fraud . . . or other invalidating cause"). "[T]he parol evidence rule was never intended to exclude proof of and investigations about fraud, whatever class of fraud it might be." *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 615 (Tex. App.—Waco 2000, pet. denied). Moreover, the parol evidence rule does not bar the admission of evidence contrary to a contract in a fraud cause of action.[8] *Gregory v. Conn. Shotgun Mfg. Co.*, No. 12-15-00304-CV, 2017 WL 511222, at *3 (Tex. App.—Tyler Feb. 8, 2017, no pet.) (mem. op.). We conclude the parol evidence rule does not bar evidence of TLCP and Clark's misrepresentations to appellants in the fraud causes of action.

TLCP and Clark also argue appellants' fraud claims are barred because the lease's merger clause provided, "This lease is the entire agreement between you and us. You are NOT relying on any oral representations." Citing two supreme court cases, TLCP and Clark assert that where the parties' intent is clear and

---

[8] Courts have stated that when the parol evidence directly contradicts the express terms of a written agreement, the plaintiff might not be able to prove the element of justifiable reliance. *Gregory*, 2017 WL 511222, at *3. In this case, TLCP and Clark did not move for summary judgment on the element of justifiable reliance, so that concern is not before us.

–20–

specific, a disclaimer of reliance on oral representations is effective to negate a fraudulent inducement claim. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 332 (Tex. 2011); *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 179 (Tex. 1997). In those cases, the supreme court concluded that in certain situations, a party's disclaimer of reliance could bar a claim for fraudulent inducement. The supreme court stated, "when sophisticated parties represented by counsel disclaim reliance on representations about a specific matter in dispute, such a disclaimer may be binding, conclusively negating the element of reliance in a suit for fraudulent inducement." *Italian Cowboy*, 341 S.W.3d at 332; *see also Schlumberger*, 959 S.W.2d at 180 (legal counsel represented both parties, and both parties were "knowledgeable and sophisticated business players"). To prevail on this ground, TLCP and Clark had to prove that appellants were "sophisticated parties represented by counsel." *Italian Cowboy*, 341 S.W.3d at 332. The record contains no evidence that appellants were represented by counsel or that they were "sophisticated parties." We conclude TLCP and Clark have not established that the disclaimer of reliance doctrine in *Italian Cowboy* and *Schlumberger* applies in this case.

We sustain appellant's fifth sub-issue. We conclude the trial court erred in granting TLCP and Clark's motion for summary judgment on appellants' claims for common law and statutory fraud. The trial court's granting the motion for summary judgment on the common law and statutory fraud causes of action

–21–

resulted in the trial court improperly dismissing these causes of action.  Therefore, the error is reversible.  *See* TEX. R. APP. P. 44.1(a)(1).

## NEGLIGENT TRAINING

In their eighth sub-issue, appellants contend the trial court erred in granting TLCP and Clark's motion for summary judgment and dismissing appellants' cause of action for negligent training.  The supreme court "[has] not ruled definitively on the existence, elements, and scope of such torts and related torts such as negligent training and hiring."  *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n.27 (Tex. 2010); *see also JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 842 (Tex. 2018) (quoting *Waffle House*).  However, the supreme court has addressed challenges to the sufficiency of the evidence to support elements of the causes of action.  *See JBS Carriers*, 564 S.W.3d at 842.

Appellants' negligent training cause of action alleged TLCP owed a duty to the tenants to train its property manager.  TLCP breached this obligation "by failing to train Defendant Clark as property manager regarding resident safety."  Appellants alleged that because of her lack of training, "Clark was an incompetent property manager, particularly in regards to maintaining a safe apartment complex."  Appellants asserted that TLCP's "breach of its duty to train its property manager proximately caused the occurrence in question and Jane Doe's damages."

TLCP and Clark's motion for summary judgment asserted appellants had no evidence that TLCP's "alleged breach of its duty proximately caused Plaintiffs'

claimed injuries."[9]   Proximate causation has two elements:  cause in fact and foreseeability.  *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 518 (Tex. 2019); *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005).

### Cause in Fact

"The test for cause in fact is whether the act or omission was a substantial factor in causing the injury without which the harm would not have occurred.  If the defendant's negligence merely furnished a condition that made the injuries possible, there can be no cause in fact."  *W. Invs.*, 162 S.W.3d at 551 (quotation marks and citations omitted).  "The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable [people] to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility . . . ."  *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991) (quoting RESTATEMENT (SECOND) OF TORTS § 431 cmt. 1 (1965)).

Appellants alleged TLCP did not provide Clark any training regarding maintaining a safe apartment complex.  Appellants' response to the motion for summary judgment asserted that TLCP's training of Clark was negligent because she was not trained on the Texas Department of Public Safety's sex-offender

---

[9] TLCP and Clark also assert in their brief that appellants failed to present evidence of negligent hiring and training.  This was not a ground of the motion for summary judgment.  Accordingly, we do not address it.  *See* TEX. R. CIV. P. 166a(i) ("The motion must state the elements as to which there is no evidence.").

website and was not trained on how to respond to inquiries about sex offenders living at the complex. Appellants presented evidence that a property manager should know about the sex-offender website. The property manager should also know how to respond to questions about sex offenders, and the appropriate response is to direct the inquirer to the sex-offender website. Clark testified she did not know about the sex-offender registry before the incident with Vine and Jane Doe and that TLCP had not provided her any training about it.[10]

Mrs. Doe testified that if she had searched the sex-offender website and had seen that Vine was on that website, then appellants would not have leased an apartment in that complex. It logically follows that if appellants had not leased an apartment in the complex, then Jane Doe would not have been sexually assaulted by Vine. However, because Clark had not been instructed by TLCP to check the sex-offender website or to refer prospective tenants inquiring about sex offenders to the website, the chain of events was created leading to the sexual assaults. Thus, TLCP's failure to train Clark was a substantial factor causing the sexual assaults and without which the sexual assaults would not have occurred.

---

[10] TLCP and Clark's motion for summary judgment did not challenge the existence of a duty or the breach of a duty under appellants' negligent training cause of action. Therefore, we presume such a duty exists and that TLCP breached it. We make no determination in this case whether TLCP had a duty to train Clark on the existence and use of the sex-offender website and to refer prospective tenants to the website who inquired about sex offenders. We address only whether, assuming TLCP had a duty to train Clark in that manner, TLCP's failure to train Clark proximately caused appellants' damages.

We conclude that Mrs. Doe's testimony constitutes some evidence that TLCP's failure to train Clark on the use of the sex-offender website and on how to respond to questions about sex offenders was a cause in fact of Vine's sexual assaults on Jane Doe.

**Foreseeability**

The second part of proximate causation is foreseeability. In this case, the question is whether it was foreseeable to TLCP that its failure to train Clark on the use of the sex-offender website and on how to respond to inquiries about whether any sex offenders live in the complex could result in Clark's misrepresentations to appellants and the sexual assaults.

TLCP and Clark assert that the factors set out by the supreme court in *Timberwalk Apartments, Inc. v. Cain*, 972 S.W.2d 749 (Tex. 1998), should be applied to determine the foreseeability of Vine's assaults on Jane Doe. In *Timberwalk*, a tenant of an apartment complex was sexually assaulted by an intruder. *Id.* at 751. The tenant sued the complex for negligence for failing to provide adequate security measures. *Id.* The trial court applied the jury's findings against the tenant and rendered judgment for the complex, but the court of appeals reversed. *Id.* at 752. The supreme court considered foreseeability as part of the

question of whether the complex owed a duty to the plaintiff.[11] *Id.* at 756. The supreme court stated that the foreseeability to a landlord of the risk of criminal conduct to an apartment dweller "must not be determined in hindsight but rather in light of what the premises owner knew or should have known before the criminal act occurred." *Id.* at 757. It appears that the criminal conduct in that case was committed by someone who was not a lessee at the complex and thus was an outsider to the landlord. *See id.* at 751 (conflicting evidence concerning whether assailant was living with his common law wife at the complex or was living with his girlfriend elsewhere; opinion does not state that assailant was a lessee). In that situation, foreseeability is determined by considering "whether any criminal conduct previously occurred on or near the property, how recently it occurred, how often it occurred, how similar the conduct was to the conduct on the property, and what publicity was given the occurrences to indicate that the landowner knew or should have known about them." *Id.* at 757. These factors, focusing on crimes inside the complex and on crime outside and near the complex, clearly apply when the assailant is someone from outside the complex and therefore unknown to the landlord. In that situation, "what the premises owner knew or should have known" was the criminal conduct previously occurring on or near the property. *See id.*

---

[11] Even though *Timberwalk* concerned foreseeability as part of the element of duty, the analysis of foreseeability is the same for both duty and proximate cause. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010).

Those factors are less relevant when the assailant is a lessee whose risk of criminal behavior the landlord either knew or should have known. In that situation, the foreseeability of crime committed by a random individual is not relevant. Therefore, we look to the more general rule of considering "what the premises owner knew or should have known before the criminal act occurred." *See id. Cf. W. Invs.*, 162 S.W.3d at 552 (tenant sexually assaulted child living in apartment complex; no proximate causation from landlord's failure to obtain police reports about criminal activity in area and perform background check of assailant because they "would [not] have alerted a reasonable landlord to the possibility that [the assailant] posed a danger to others" because assailant's background check showed only driving infractions).

In this case, there is no evidence that TLCP actually knew that Vine was a sex offender. Therefore, we consider whether TLCP should have known Vine was a sex offender and if so, whether it was foreseeable that TLCP's failure to train Clark on how to respond to questions about sex offenders would result in Clark misrepresenting the sex-offender status of the other tenants and whether those misrepresentations would result in the sexual assault suffered by Jane Doe. *See Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2012) (per curiam) (wrongful conduct of negligently hired employee must "proximately cause the injury complained of," and negligently hired employee's misconduct must be foreseeable).

Appellants presented expert testimony about real estate management from Ronda Tyler. Tyler stated in her affidavit that when a property owner takes on a new property, "it is industry practice to become familiar with the files of existing tenants." She continued:

> If a tenant's file is deficient, e.g. missing documents or incomplete information, additional follow up is warranted. In this case, Mr. Vine's tenant file included an incomplete rental application where Mr. Vine admitted to a felony conviction but did not provide other required details regarding the felony conviction. . . . Defendant TLCP, Defendant Clark, and/or the prior property manager should have discussed this with Mr. Vine to determine the specifics of the felony.

Tyler's testimony presents some evidence that TLCP should have known that Vine had a previous conviction for sexual assault and therefore that Vine was a sex offender.

Tyler also discussed the foreseeability to a landlord that a registered sex offender residing at the complex might pose a danger to the other tenants:

> A registered sex offender tenant presents safety concerns for other tenants. The Texas Apartment Association, which is a respected landlord and property management organization in Texas, provides resources that address how landlords should handle a registered sex offender as a tenant. The Texas Apartment Association has advised members that "[t]he chance that a sex crime will be repeated (i.e. the recidivism rate) is very high if the offense was a sex crime against a child (17 or younger) or a violent sex crime against a child or adult. This is so regardless of how many years ago the crime occurred."

She also testified about the steps a landlord should take to protect its tenants from sex offenders residing in the complex:

When a sex offender resides on property, landlords and property managers should take appropriate steps to protect other tenants and let other tenants know. Industry practice and the Texas Apartment Association recommend issuing a warning to other tenants. The warning may identify the sex offender or provide general warning that a sex offender resides on the property. Property managers may also refer other tenants to the sex offender registry online.

She also testified about how Clark's failure to make accurate representations to appellants about sex offenders residing in the complex left Mr. and Mrs. Doe ignorant of the danger posed by Vine and unable to protect their daughter from Vine:

> It is my opinion that . . . had [Ms. Clark and TLCP] followed these practices, they would have discovered that Mr. Vine was a registered sex offender who may pose a danger to the other residents of the apartments, particularly minor female children. Had Ms. Clark and TLCP followed proper procedures and familiarized themselves with Mr. Vine's tenant file, then they could have discovered that Mr. Vine was a registered sex offender and could have prevented the assault on Jane Doe by removing Mr. Vine or by providing a warning to Mr. and Mrs. Doe that there was a registered sex offender on the property. Had Ms. Clark and TLCP complied with standard industry practices, they also could have made accurate representation to the Does during leasing, which may have prevented the Does from leasing at Hazelwood Apartments.

Tyler's testimony presents some evidence that Vine's sexual assaults of Jane Doe were a foreseeable result of Clark's misrepresentations to appellants about sex offenders residing in the complex and from Clark's failure to refer appellants' to the sex-offender registry.

Finally, we consider whether Clark's misrepresentations were foreseeable due to TLCP's failure to train her to answer questions about sex offenders. Clark

did not know that a sex offender was one of the tenants at the complex. Because TLCP did not train Clark on how to use the sex-offender website and to answer questions about sex offenders, it should have been foreseeable to TLCP that Clark might unknowingly mislead prospective tenants and not direct them to the sex-offender website.

We conclude appellants presented some evidence that TLCP's allegedly negligent training of Clark proximately caused appellants' damages. Therefore, the trial court erred in granting TLCP and Clark's motion for summary judgment on appellants' negligent training cause of action. We sustain appellants' eighth sub-issue.

## NEGLIGENT HIRING

In their tenth sub-issue, appellants contend the trial court erred in dismissing all of appellants' causes of action against TLCP and Clark because the trial court's order granted TLCP and Clark more relief than they requested in their motion for summary judgment.

TLCP and Clark's motion for summary judgment did not address appellant's cause of action for negligent hiring. The prayer in the motion prays that "Plaintiffs' premises liability, fraud, and negligent training causes of action against Defendants be dismissed with prejudice." TLCP and Clarke did not request dismissal of the negligent hiring cause of action.

"[A] trial court errs in granting a summary judgment on a cause of action not expressly presented by written motion . . . ." *G & H Towing Co.*, 347 S.W.3d at 298. "[T]he error is harmless when the omitted cause of action is precluded as a matter of by other grounds raised in the case." *Id.*

In this case, the trial court erred in granting the motion for summary judgment on the negligent hiring claim because TLCP and Clark did not move for summary judgment on that claim. *See id.* TLCP and Clark assert the error is harmless because appellants had no evidence that the negligent hiring was a proximate cause of their damages, and lack of proximate cause was the ground of summary judgment for the negligent training cause of action. As discussed above, appellants presented some evidence of proximate causation. Because that ground does not support summary judgment in this case for the negligent training cause of action, it also does not support summary judgment for negligent hiring. We conclude the error is reversible.

We sustain appellant's tenth sub-issue.[12]

---

[12] In the ninth sub-issue, appellants contend the trial court erred in granting the motion for summary judgment because the motion for summary judgment did not stand on its own merit. Appellants contend in their eleventh sub-issue that the trial court erred in granting the motion for summary judgment on grounds other than those expressly presented in the motion for summary judgment. Appellants' brief does not appear to present argument on these issues. Accordingly, we do not address them. *See* TEX. R. APP. P. 38.1(i) ("*Argument.* The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

# CONCLUSION

We affirm the trial court's judgment dismissing appellants' cause of action for premises liability, and we reverse the trial court's judgment dismissing appellants' causes of action for negligent hiring, negligent training, common law fraud, statutory fraud, respondeat superior and agency, and assault. We remand the case to the trial court for further proceedings.

/Lana Myers/
LANA MYERS
JUSTICE

190672F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MR. DOE AND MRS. DOE, INDIVIDUALLY AND AS NEXT FRIEND OF JANE DOE, Appellants

No. 05-19-00672-CV          V.

TENANT LANDLORD CONNECTION PROPERTIES LLC (D/B/A AND A/K/A HAZELWOOD APARTMENTS), BARBARA CLARK AND GREGORY SCOTT VINE, Appellees

On Appeal from the 162nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-17-11431. Opinion delivered by Justice Myers. Chief Justice Burns and Justice Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment that dismisses appellants' causes of action for common law fraud, statutory fraud, negligent training, negligent hiring, respondeat superior and agency, assault: infliction of bodily injury, and assault: offensive physical conduct. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants Mr. Doe and Mrs. Doe, individually and as next friend of Jane Doe, recover their costs of this appeal from appellees Tenant Landlord Connection Properties LLC (d/b/a and a/k/a Hazelwood Apartments), Barbara Clark and Gregory Scott Vine.

Judgment entered this 28th day of October, 2020